## TEXAS CREOSOTING CO. v. SIMS.
### No. 2182.

Court of Civil Appeals of Texas. Beaumont.
May 7, 1932.

Rehearing Denied June 8, 1932.

E. L. Reid, of Orange, for appellant.

Dies, Stephenson & Dies, of Orange, and James A. Harrison, of Beaumont, for appellee.

O'QUINN, J.

F. M. Sims was plaintiff, and Texas Creosoting Company was defendant. We shall refer to them as such.

Plaintiff sued defendant to recover commissions in the sum of $9,000, alleged to be due him by defendant by reason of a certain real estate deal. He alleged that on March 29, 1929, he was a real estate agent engaged in buying and selling land and timber for himself and others; that about said date he had a certain option contract from Geo. C. Lowe of Jackson county, Mo., by the terms of which he had the exclusive right to purchase the land, or timber, or both, on 98,000 acres of land situated in the state of Louisiana; that thereafter, about April 25, 1929, he obtained a letter from the McCanles Building Company of Kansas City, Mo., which also had an interest in said land and timber, giving him additional rights in reference to his option from Lowe; that by virtue of said optional contract and said letter, he had the exclusive right to purchase said land and timber by a certain date as expressed in said contract and letter; that about May 1, 1929, prior to the expiration date of his said options to buy said property, he entered into negotiations with the defendant for the purpose of inducing it to buy said timber or land, or both, or to render him assistance in handling said property under his said option; that the defendant, after inspecting said land and timber, by and through its duly authorized agent, T. C. Thornhill, agreed to purchase said timber, or land, or both; that thereupon he entered into a contract with the defendant, acting through its said agent Thornhill, conveying to defendant all of his rights held by him by virtue of his said option and letter; that on or about said date he transferred, conveyed, and assigned to the defendant all of his rights accruing to him by virtue of his said option and said letter, in consideration for which the defendant, acting through its said agent, Thornhill, agreed to pay plaintiff a commission of 6 per cent. of the purchase price paid for said land or timber, should it purchase same, but in no event was the commission to exceed the sum of $9,000; that in pursuance of said agreement plaintiff and said agent of defendant went to Kansas City, Mo., for the purpose of securing an extension of the time specified in plaintiff's option in which he might purchase said land or timber, and that such extension was granted; that, after such extension of time had been secured, and before it was agreed between plaintiff and defendant that time was of the essence of the contract, plaintiff made known to defendant's said agent that he (plaintiff) expected defendant to buy said property or give him time to negotiate the sale of the same to other parties.

Plaintiff further alleged that, after the extension of time above mentioned was secured and while plaintiff and defendant's agent Thornhill were in Kansas City, Mo., for the purpose of securing said extension, they received information that the Pickering Lumber Company held notes against said property and that it was likely said property would pass to said Pickering Lumber Company if plaintiff or the defendant did not purchase said property under said option contract; that defendant's said agent, Thornhill, gave plaintiff "reason to believe that the property could be purchased at a more agreeable price should the Pickering Lumber Company foreclose its lien upon said property or become the owner thereof"; that it was then and there agreed between himself and said agent that he (plaintiff) should receive his commission if the defendant did not purchase said property under said option contract and should purchase same from said Pickering Lumber Company; that said Pickering Lumber Company's lien was to become due and subject to foreclosure within 60 or 90 days after said conversation, and it was understood at said time that the defendant could deal with said Pickering Lumber Company within a short time, not exceeding 90 days, as they had information the property would be surrendered to the Pickering Lumber Company if the lien could not be paid without litigation.

Plaintiff further alleged that the defendant did purchase from said Pickering Lumber Company approximately 44,000 acres of said land and timber for which it paid some $134,-000; that he procured the defendant to make said purchase, and went with defendant's agent on said land from time to time inspecting same and estimating the timber; that said Pickering Lumber Company acquired the interest in said property of said Geo. C. Lowe and said McCanles Building Company, and it was understood and agreed that plaintiff was to receive his said commission, not to exceed $9,000, should defendant purchase from said Pickering Lumber Company said property, or any part thereof; that, by virtue of the contracts before mentioned and by reason of the sale of said property stated and the consideration paid therefor by defendant, plaintiff was entitled to receive the full sum of $9,000; and that defendant had become liable and had promised to pay plaintiff said sum, for which, together with 6 per cent. interest thereon from the date of said purchase by defendant, he prayed judgment.

Plaintiff attached, as exhibits, copies of his option from Lowe, the letter from the McCanles Building Company, his transfer to defendant of his Lowe option, and the rights mentioned in the McCanles letter, and the option to purchase contract from Lowe to the defendant creosoting company, which recognized plaintiff's transfer of his option to defendant.

The defendant answered by general demurrer, several special exceptions, one of which challenged the allegations of plaintiff's petition as being so vague and uncertain, indefinite, and confusing as that it could not be ascertained whether plaintiff based his action upon the alleged written contract set out in the petition, or upon an oral contract, and another that plaintiff based his right to recover upon a written contract (option to purchase contract which will be set out later), a general denial, and specially that, admitting it executed the agreement set out in Exhibit C attached to plaintiff's petition (the transfer by plaintiff to defendant of the Lowe option to plaintiff and the rights granted in the McCanles letter), it in good faith undertook to purchase the property designated in said contract and would have done so but for the fact it was advised by said Lowe and the McCanles Building Company that said lands and timber were subject to a mortgage which they were unable to satisfy and because of which they could not sell or convey said property; that said Lowe and McCanles Building Company refused to carry out the terms of the purchase option transferred by plaintiff to defendant, and, said Lowe and McCanles Building Company being unable by reason of said mortgage existing upon said property to sell or convey same to defendant, this terminated all rights of plaintiff as against defendant and terminated the option contract between them.

Defendant further answered expressly denying that its said agent, Thornhill, at any time made or entered into any contract, written or oral, with plaintiff promising to pay him any sum of money or compensation as commissions or otherwise, if it purchased the said land and timber mentioned in the option to buy contract given by Lowe and the McCanles Building Company, if such lands or timber were not purchased from the parties giving said option, but were purchased from the Pickering Lumber Company, or any other person than the said Lowe and the said McCanles Building Company; and further that, if any such agreement or promise, as alleged by plaintiff, was made by defendant's agent, Thornhill, attempting to bind defendant to pay plaintiff any commission, or other compensation, in the event defendant purchased the lands and timber described in plaintiff's petition (shown by the option to sell from Lowe to plaintiff) from the Pickering Lumber Company or any other person, except Lowe and the McCanles Building Company, was without consideration and beyond the scope of authority of said agent, and not binding upon the defendant; that defendant had not at any time ratified such agreement or promise, if made, but has at all times denied liability thereunder.

Defendant further answered that, immediately after it was informed by said Lowe and said McCanles Building Company that they could not and would not sell said land and timber to defendant under the option to buy given plaintiff and transferred by plaintiff to defendant, it so notified plaintiff, and notified him that said acts of said Lowe and the McCanles Building Company, the then owners of said property, terminated its agreement with him, that thereafter no contractual relations existed between it and plaintiff, and that plaintiff was not in any manner interested in or connected with the negotiations and purchase by defendant from the Pickering Lumber Company of the property in question, by reason of which plaintiff was not entitled to any recovery against it.

When the case was called for trial, defendant presented and urged its general demurrer and special exceptions to the court. After hearing argument on and considering the demurrer and exceptions, the court ruled that plaintiff's cause of action was based upon the oral agreement or contract pleaded by him. The case then went to trial before a jury, and was tried on the theory and the court's ruling that plaintiff's cause of action was based upon his alleged oral agreement or contract. This was a ruling that plaintiff was not entitled to recover under the written contract.

At the close of the evidence both parties filed motion for an instructed verdict. These motions were refused. The court then pre-

pared and submitted to the parties his charge submitting the case to the jury upon the following special issue:

"Special Issue No. 1. Do you believe from a preponderance of the evidence that T. C. Thornhill, as purchasing agent of the defendant, Texas Creosoting Company, on or about the 3rd day of May, 1929, in Kansas City, Missouri, agreed with the plaintiff, F. M. Sims, that he, said Sims, would receive his commission of six per cent. on the purchase price from the defendant company if the defendant, Texas Creosoting Company, did not purchase said property from Lowe and McCanles Building Company under said option contract or extension thereof, but should purchase said property from the Pickering Lumber Company? Answer 'Yes' or 'no' as you find the fact to be."

Both plaintiff and defendant filed objections to this charge, all of which were overruled. Thereupon the court announced that upon further consideration of plaintiff's petition he was of the opinion that no valid oral contract had been pleaded in said petition, but that a valid written contract had been pleaded, which, under the evidence adduced, entitled plaintiff to judgment.

Defendant then requested permission to prepare and file its trial amendment or supplemental answer pleading mutual mistake in the preparation of the option contract upon which plaintiff sought to recover, for the purpose of alleging that, if such contract was subject to the court's interpretation of its terms, then it was by mistake so drawn; the intention of the parties being to the opposite. This was refused. Defendant then presented to the court and requested to be given its special issue, to wit: "Do you find from a preponderance of the evidence that the parties to the contract dated May 1, 1929, intended by said contract that plaintiff F. M. Sims should be entitled to receive six per cent. of the purchase price of the property described in said contract if the said property or any part thereof was purchased at any time in the future by the Texas Creosoting Company from any person or corporation who might become the owners thereof other than Geo. C. Lowe or the McCanles Building Company?" This was refused.

The court then instructed the jury to return a verdict for the plaintiff in the sum of $7,950, which was done and judgment accordingly entered. Motion for a new trial was overruled, and defendant brings this appeal.

As above stated, when defendant presented and urged its demurrer and exceptions to plaintiff's petition, among which was a special exception to the effect that plaintiff's petition was so vague, indefinite, and confusing as that it could not be told whether he alleged a cause of action upon a written contract or upon an oral contract, nor upon which

he relied for recovery, the court announced his rule that plaintiff's cause of action, shown by his petition, was based upon his alleged oral contract, and after this ruling and decision the case went to trial and was tried to a jury upon the ruling and theory that plaintiff's right to recover rested in an alleged oral contract. At the close of the evidence, both parties moved for an instructed verdict, which motions were overruled. Then the court prepared the special issues set out above for submission to the jury, inquiring relative to the making of the oral agreement or contract, which the court had ruled was the basis of plaintiff's right to recover, to which issue both parties objected and excepted. At this juncture the court changed his ruling and held that no oral contract was pleaded by plaintiff, but that he had pleaded a right to recover upon a written contract, and instructed the jury to return a verdict for plaintiff on said alleged written contract. To this action of the court defendant excepted and assigns error.

We think the trial of the case should have proceeded to its conclusion upon the theory upon which the court first ruled and upon which it had been tried to the completion of the evidence, and that it was reversible error not to do so. The option to buy transferred by plaintiff to defendant, and upon which the instructed verdict and judgment were rendered, reads:

"The State of Texas, County of Orange

"This agreement entered into this day by and between F. M. Sims, of Jefferson County, Texas, party of the one part, and Texas Creosoting Company, a corporation, domiciled in Orange County, Texas, acting herein by and through T. C. Thornhill, its purchasing agent, party of the other part, witnesseth:

"For and in consideration of the sum of One ($1.00) Dollar and other considerations hereinafter mentioned, the said F. M. Sims has this day transferred, conveyed and assigned, and by these presents does hereby transfer, convey and assign to Texas Creosoting Company a certain option contract and all rights accruing thereunder from Geo. C. Lowe, of the county of Jackson, State of Missouri, to the said F. M. Sims dated March 29th, 1929, under which the said F. M. Sims was given the exclusive right to purchase the timber on the 98,000 acres of land situated in the State of Louisiana; also all rights accruing to, or held by, the said F. M. Sims by virtue of a letter dated April 25th, 1929, written by McCanles Building Company, of Kansas City, Missouri, to the said F. M. Sims.

"As further consideration for this agreement and the rights transferred herein, Texas Creosoting Company agrees that in the event it shall purchase the timber referred to in the option contract hereinafter mentioned and the land mentioned in said option and letter hereinbefore referred to, whether said pur-

chase be both of said timber and land, or of either, in such event that it will pay to the said F. M. Sims a commission of six (6%) per cent. of the purchase price to a maximum of Nine Thousand ($9,000.00) Dollars, but in no event shall said commission exceed said maximum sum.

"It is further agreed that if said Texas Creosoting Company shall not for any cause whatsoever consummate the purchase of the properties hereinbefore specified, then in that event the said One ($1.00) Dollar consideration herein recited shall be in full satisfaction for all claims, rights and demands of the said F. M. Sims against the Texas Creosoting Company.

"Witness our hands in duplicate at Orange, Texas, this the 1st day of May, A. D. 1929.

"F. M. Sims

"Texas Creosoting Company,

"By T. C. Thornhill, Purchasing Agent."

The instrument was duly acknowledged by both parties.

This instrument is clear and unambiguous in its terms, and, under the evidence, denies plaintiff the right to recover, because it recites that plaintiff thereby transferred to defendant his option to buy from Geo. C. Lowe and the McCanles Building Company the timber on said 98,800 acres of land, and further recited that, by virtue of and in consideration of his transferring his said option to defendant, if defendant purchased either the land or timber, or both, it would pay to plaintiff a commission of 6 per cent. of the purchase price not to exceed $9,000. It further provided that if for any cause whatsoever defendant did not consummate the purchase of the parties mentioned in the option, then and in that event the $1 consideration recited in the option transfer should be in full satisfaction of all claims and demands by plaintiff upon defendant. This instrument we think clearly was intended to apply and to give plaintiff the right to a commission only if defendant purchased the property under and by virtue of the option transferred by plaintiff to defendant, from the grantors of the option to plaintiff. No such purchase were made, and so, under the unambiguous terms of the option contract, plaintiff is not entitled to recover by virtue of said transfer.

But plaintiff contends that the clause, "as further consideration for this agreement and the rights transferred herein, Texas Creosoting Company agrees that in the event it shall purchase the timber referred to in the option contract hereinbefore mentioned and the land mentioned in said option and letter hereinbefore referred to, whether said purchase be both of said timber and land, or of either, in such event that it will pay to the said F. M. Sims a commission of six (6%) percent of the purchase price to a maximum of $9,000.00, but in no event shall said commission exceed said maximum sum," is a contract to pay him his commission if defendant purchased the property from the parties from whom plaintiff obtained his option, Lowe and McCanles Building Company, or from any other or subsequent owner. We do not think the contract is subject to the construction urged by plaintiff.

As plaintiff was not entitled to recover on his written contract, then whether he was entitled to recover on his alleged oral contract or agreement, which the court at first ruled was the basis for his right to recover, was for the jury, and the special issue prepared by the court was proper. If we are correct in holding that the written contract is not susceptible of the construction urged by plaintiff, and does not entitle him to recover under the evidence, then his only right to a recovery would be to establish his alleged oral contract or agreement.

From what we have said, it follows that the judgment should be reversed, and the cause remanded, and it is so ordered.

Reversed and remanded.

## On Rehearing.

Complaint is made on motion for rehearing of our statement as to the manner and procedure of the trial in the court below, that our statement is not borne out in full by the record. We based our statement largely upon an instrument prepared and filed by the trial judge, who we think, in an effort to make clear just what was done in the trial, substantially says what we have stated. In any event, our statements are deducible from the whole record and the court's prepared and filed statement of the manner in which the case was tried.

It is further complained that in our opinion, in discussing the option of purchase given by appellee to appellant, and upon which recovery was sought, we say, "it further provided that if for any cause whatsoever defendant did not consummate the purchase from the parties mentioned in the option," etc., that such statement is not supported by the record, but was in conflict with the option agreement itself.

Our statement in the opinion is not a quotation from the instrument in question, but is a conclusion drawn from a consideration of the contents of the instrument. Just prior to the statement complained of, we said: "This instrument is clear and unambiguous in its terms, and, under the evidence, denies plaintiff the right to recover, because it recites that plaintiff thereby transferred to defendant his option to buy from Geo. C. Lowe and the McCanles Building Company the timber on said 98,800 acres of land, and further recited that, by virtue of and in consideration of his transferring his said option to defendant, if defendant purchased either the land or

484

timber, or both, it would pay to plaintiff a commission of 6 per cent. of the purchase price, not to exceed $9,000"—and then followed the statement in the opinion complained of. It is clear that we were stating the legal effect of the instrument, and not quoting from same. Immediately following the statement complained of we said: "This instrument we think, clearly was intended to apply and to give plaintiff the right to a commission only if defendant purchased the property under and by virtue of the option transferred by plaintiff to defendant, from the grantors of the option to plaintiff. No such purchase was made, and so, under the unambiguous terms of the option contract, plaintiff is not entitled to recover by virtue of said transfer."

The motion for rehearing is overruled.